UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD H.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

1:20-CV-00763-EAW

## INTRODUCTION

Plaintiff Ronald H. ("Plaintiff") seeks attorneys' fees in the amount of $20,583.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 23). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount but defers to the Court to determine the timeliness and the reasonableness of Plaintiff's fee request. (Dkt. 24). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On June 22, 2020, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Supplemental Security Income Benefits. (Dkt. 1). Plaintiff moved for judgment on the pleadings on April 1, 2021. (Dkt. 12). On September 14, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 14).

By Stipulated Order filed on November 4, 2021, the Court approved payment of $7,968.56 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") for services performed in connection with this action.  (Dkt. 18).

On December 22, 2022, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that Plaintiff was entitled to receive $84,150.00 in his past-due benefits.  (Dkt. 19-3 at 1).  On March 7, 2023, the Commissioner issued a second Notice of Award, amending Plaintiff's entitlement to $82,332.00 in past-due benefits. (Dkt. 23-2).

On January 23, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $21,037.50 in attorneys' fees.  (Dkt. 19).  In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $7,968.56 under the EAJA, which he will refund to Plaintiff once the instant fee application is resolved.  (Dkt. 19-1 at 2).  On March 21, 2023, Plaintiff's counsel amended his application based on the second Notice of Award issued by the Commissioner, in which he corrected the requested amount of attorneys' fees from the originally sought $21,037.50 to $20,583.00.  (Dkt. 23).[1]  The Commissioner filed a response on March 21, 2023.  (Dkt. 24).

## DISCUSSION

## I.    Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B)(1).  Rule 54(a)(2)(B) as applied to § 406(b)

---

[1]    Because of the amended motion, Plaintiff's initial motion for attorneys' (Dkt. 19) is denied as moot.

motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the original Notice of Award on December 22, 2022. (Dkt. 19-3). Considering the requirements of Fed. R. Civ. P. 6(d) and 54(a)(2)(B), Plaintiff's motion for attorneys' fees would have been due on January 9, 2023.[2]

Plaintiff's counsel filed his original fee application fourteen days later on January 23, 2023. (Dkt. 19). He explains the untimely filing by his office's delayed receipt of the Notice of Award due to either the delay in mailing by the Commissioner, or the delay in delivering the Notice by the post office, which ultimately resulted in his office's receipt of the Notice on January 10, 2023. (Dkt. 19-1 at 2-3; Dkt. 19-2 at ¶ 14). Counsel submits that because his office received the Notice of Award on January 10, 2023, his filing of the instant motion thirteen days later on January 23, 2023, was timely. (*Id*.). In support of this argument, counsel relies on an entry made in his office's internal case tracking system "Prevail" on January 10, 2023, which, according to counsel, demonstrates that the Notice of Award was received by the firm and scanned into the system that day. (Dkt. 19-2 at ¶ 14). Counsel presents no additional evidence in support of his statement (such as an affidavit from the file clerk who apparently scanned in the Notice and who counsel

---

[2]     Because the seventeenth day fell on Sunday, January 8, 2023, Plaintiff's motion would have been due on Monday, January 9, 2023.

contends is familiar with the office's policies and procedures and would have scanned in the Notice on the date it was received).

While Rule 54 requires a fee motion be filed within 14 days, a court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect". Fed.R.Civ.P. 6(b)(1)(B); *see also Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019) ("district courts are empowered to enlarge [the 14-day] filing period where circumstances warrant"); *Johnson v. Comm'r of Soc. Sec.*, No. 16 CV 4219 (LDH)(RML), 2019 WL 11270462, at *2 (E.D.N.Y. Dec. 17, 2019), *R. & R. adopt.*, 2020 WL 6128966 (E.D.N.Y. Oct. 19, 2020) ("While the motion is technically untimely under Rule 54, that lateness is not fatal."). "Excusable neglect is an elastic concept that is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *3 (E.D.N.Y. Sept. 30, 2021) (internal citations and quotation marks omitted). Relevant circumstances include prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

Although Plaintiff's counsel's request to extend the deadline could have been supported by more robust evidence, the Court nonetheless finds that the circumstances of the instant case warrant the excuse of Plaintiff's untimely filing of his original fee application because of the briefness of the delay and Plaintiff's timely filing of his amended fee application necessitated by the Commissioner's issuance of the second Notice of Award. *See, e.g.*, *Ferreira v. Kijakazi*, No. 18-cv-1469 (AEK), 2022 WL 123623, at *3

(S.D.N.Y. Jan. 13, 2022) (a 30-day delay was excused where there was record of counsel's efforts to meet the deadline and solicit the information regarding the benefit award despite the confusion caused by the SSA's issuance of several notices of awards); *Eddie Lee S. v. Comm'r of Soc. Sec.*, No. 18-CV-186(HKS), 2021 WL 5296907, at *2 (W.D.N.Y. Nov. 15, 2021) (plaintiff's short 6-day delay was excused); *Lesterhuis v. Comm'r of Soc. Sec.*, 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019) (a nine-day delay was excused); *Tanner v. Comm'r of Soc. Sec.*, No. 5:15-CV-577(TJM/ATB), 2018 WL 6521585, at *3 (N.D.N.Y. Dec. 12, 2018) (a 19-day delay was found to be brief and justified when it was not a bad-faith attempt to increase the recovered fees).  The second Notice of Award was issued by the Commissioner on March 7, 2023 (Dkt. 23-2), and Plaintiff timely filed his amended fee application on March 21, 2023 (Dkt. 23-2).  Accordingly, the Court deems Plaintiff's application timely.

## II.    <u>The Reasonableness of the Requested Fee</u>

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary

line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.  As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the

claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $20,583.00 represented to be 25 percent of the past-due benefits.  (Dkt. 23-1).  Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  Counsel's law firm provided effective representation resulting in Plaintiff successfully receiving the benefits sought.  There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation.  Here, the success of Plaintiff's claim was uncertain as demonstrated by multiple denials of his application at the agency level.  Accordingly, the hours expended by counsel's law firm were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $536.02 ($20,583.00 divided by 38.4 hours).  (Dkt. 19-2 at ¶ 17).  The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall.  Even though the hourly rate requested is greater than Plaintiff's then counsel's normal hourly rate of $400.00 per hour (*id*. at ¶ 20), counsel's successful representation ultimately achieved reversal of the Commissioner's decision and remand of Plaintiff's application solely for calculation and payment of benefits.  (Dkt. 19-6).  The effective hourly rate of $536.02 falls within the range of rates under § 406(b) approved by courts.  *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Jennifer W. v. Saul*, 18-

CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (effective hourly rate of $1,007.78 was reasonable); *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926-FPG, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64). Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $536.02 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $7,968.56 to Plaintiff. (Dkt. 18). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 23) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $20,583.00 out of funds withheld from Plaintiff's past-due

benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $7,968.56 to Plaintiff.

      SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      April 17, 2023
            Rochester, New York